**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DAPHNE MENEY,**

                      Plaintiff,                      Civil Action No. _____

-against-                                                **COMPLAINT**

**LVNV FUNDING LLC and ASSET**
**RECOVERY SOLUTIONS, LLC,**
                      Defendants.

---

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violation so of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and New York State common law, under which the collection fees demanded by Defendant are excessive, unconscionable, amount to a penalty, and are unenforceable.

### II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III.    PARTIES

3. Plaintiff, Daphne Meney, is a natural person residing in the County of Monroe, State of New York at 76 S. Estate Drive, Webster, New York 14580.

4. Upon information and belief, Defendant LVNV Funding LLC is a foreign limited liability company engaged in the business of collecting debts in this state with a

location for service of process at Ct Corporation System, 111 Eighth Avenue, New York, New York 10011.

5. Upon information and belief, Defendant Asset Recovery Solutions, LLC is a domestic limited liability company engaged in the business of collecting debts in this state with an office for business at 350 Fifth Avenue, Suite 3304, New York, New York 10118.

6. Defendants are debt collectors as defined by FDCPA, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

7. Defendant Asset Recovery Solutions, LLC ("Asset Recovery Solutions") mailed a collection letter dated August 30, 2012 to Plaintiff, Daphne Meney. The collection letter demanded payment from Plaintiff of an alleged obligation of $12,832.38, and listed Citibank as original creditor, and Defendant LVNV Funding LLC ("LVNV Funding") as the current creditor. A copy is attached hereto as Exhibit A and incorporated by reference.

8. The collection letter set forth in Exhibit A was received by Plaintiff at her residence at 76 S. Estate Drive, Webster, New York 14580.

9. Plaintiff did not incur the alleged obligation of $12,832.38 to Citibank, nor is she indebted to LVNV Funding, the alleged current creditor, for such alleged obligation.

10. Plaintiff is not aware of any services rendered or compensation which may be lawfully received by any debt collector for collection of a debt allegedly owed by Plaintiff to Citibank or LVNV Funding.

11. Upon information and belief, any debt assigned or transferred by Citibank to LVNV Funding was in default when assigned or transferred.

12. That the collection letter attached as Exhibit A was used a means to falsely and deceptively represent to Plaintiff that she was indebted to Citibank, and then LVNV Funding for $12,832.38 when she was in fact had no such obligation.

13. As a result of the acts alleged above, Plantiff suffered headaches, stress, lack of sleep, nausea, embarrassment, heart palpitations, high blood pressure, and mental and emotional distress and anguish.

## V.  FIRST CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

15. Defendants LVNV Funding LLC and Asset Recovery Solutions violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

   a. The Defendants violated 15 U.S.C. § 1692e(2)(A) and (B) by falsely representing the character, amount and legal status of the alleged debt to Citibank and/or LVNV Funding; and by falsely representing that there were services rendered or compensation which may lawfully be received by Asset Recovery Solutions for the collection of an alleged obligation of $12,832.38 allegedly owed to Citibank and/or LVNV Funding.

   b. The Defendants violated 15 U.S.C. § 1692e(10) by sending to Plaintiff a collection letter in which false representations were made, and deceptive means employed, to attempt to collect the alleged obligation of $12,832.38 that was not owed by Plaintiff to either Citibank or LVNV Funding.

16. As a result of the above violations of the FDCPA, the Defendant is liable to

the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney fees.

### VI.  SECOND CLAIM FOR RELIEF

17.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

18.   Upon information and belief, LVNV Funding has engaged in unfair and deceptive acts pursuant to General Business Law Section 349, which provides in subdivision (a) that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

19.   LVNV Funding's unfair and deceptive acts consisted of allegedly acquiring consumer debt from Citibank by transfer or assignment for which there is no basis and/or proof of any specific amount or even that any obligation existed at all, and then attempting to collect such debt as though it were legitimate debt.  Such conduct was misleading to Plaintiff in a material way in that she has a reasonable expectation of not being dunned for amounts she does not owe, but instead is being dunned as if she actually owes Citibank and/or LVNV Funding the amount of $12,832.38 even though she did not incur that obligation.

20.   Upon information and belief, LVNV Funding makes a practice of allegedly acquiring consumer debts from Citibank and other original creditors, and then dunning consumers for such alleged debts even though LVNV Funding cannot show proof of such obligations.

21. Upon information and belief, LVNV Funding's said practice has been and is likely to continue to mislead, in a material way, reasonable consumers acting reasonably in expecting that they will not be dunned for obligations they do not owe.

22. As a result of LVNV Funding's unfair and deceptive practices, Plaintiff is entitled to injunctive relief enjoining Defendants from attempting to collect obligations not owed by Plaintiff, attorney fees, and statutory damages.

23. In addition, given the egregious nature of LVNV Funding's deceptive practices, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of New York State General Business Law 349 enjoining Defendant from collecting or attempting to collect the alleged $12,832.38 obligation not owed by Plaintiff.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Statutory damages and attorney fees pursuant to N.Y.S. General Business Law § 349.

F. Punitive damages for violating the FDCPA and N.Y.S. General Business Law § 349.

G. For such other and further relief as may be just and proper.

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

s/David M. Kaplan
Attorney for Plaintiff